United States District Court
Southern District of Texas

**ENTERED**
October 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Majestic Oil, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-19-3149 |
| | § | |
| Underwriters at Lloyd's, London, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Background.*

On August 25, 2017, then-Tropical Storm Harvey damaged Majestic Oil's property in Pasadena, Texas.

On November 11, 2017, Majestic submitted a claim with its insurer, Certain Underwriters at Lloyd's, London. After inspecting, Lloyd's denied the claim.

In January 2019, Majestic left the property and sold it in December of the same year.

On August 22, 2019, Majestic sued Lloyd's for breach of contract. Lloyd's has moved for summary judgment. It will prevail.

2. *The Policy.*

The policy covered direct physical loss or damage to the property caused by covered losses, including named storms with a $65,560 deductible. The policy included several coverage limitations and exclusions. The policy only covers damage from April 22, 2017, to April 22, 2018.

It does not cover damage caused by: (a) flood water; (b) wear and tear; (c) corrosion or decay; (d) settling, cracking, shrinking, or expansion; (e) repeated water leaks; and (f) faulty repairs or renovations. Interior damage caused by rain is excluded unless a covered cause led to the water entering the building.

Coverage is not on a replacement cost basis unless the covered repairs are done "as soon as reasonably possible."

The policy does give limited coverage for code upgrades if made within two years of the loss.

3. *Evidence Objections.*

Lloyd's has moved to strike three affidavits – attached with Majestic's response to the motion for summary judgment – by: (a) Gregory Becker, (b) Amir Ali, and (c) Mohammed Ansari.

Ali's and Ansari's declarations are likely lay opinions about their observations of the roof and are allowed to the extent that they relate to their first-hand observations.

Under the sham affidavit doctrine, a deposed party may not give an affidavit that contradicts their previous testimony without explanation.[1] Without explaining why in his declaration, Becker attempts to change his opinion from there being multiple potential causes of the damage to Harvey as the sole cause. Causation is the key issue in this case. The court has already denied a previous attempt to alter Becker's opinion after being deposed and after the expert deadline. The court is not blind to another attempt.

Becker's declaration – exhibit 5 to Majestic's response to the motion for summary judgment – will be struck.

4. *Breach of Contract.*

To succeed on a breach of contract claim, Majestic must show that: (a) its insurance policy was valid, (b) it performed under it, (c) Lloyd's breached the policy, and (d) Majestic was damaged as a result.[2]

---

[1] *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000).

[2] *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001).

Majestic says that there were no leaks from the 2016 repairs until Harvey in August 2017. It insists that the damage was caused solely by Harvey, and Lloyd's did not pay their estimate damages – which they claim are only the Harvey damages – under the policy. Majestic argues that fact issues exist over what damage is caused by Harvey or not.

Majestic has the burden to segregate covered losses from non-covered losses.[3]

The roof had suffered significant damage prior to being repaired in 2016. It was recommended that the roof be replaced, but Majestic chose to make partial repairs.

After Harvey, Majestic hired Jason Henricks to inspect the roof. He found that the leaks were caused by multiple issues – including ones not attributable to Harvey. He also testified to long-term roof damage that he had found.

Majestic's expert, Becker, identified pre-existing damage in his report that was not related to Harvey and identified a storm outside of the policy period that could have caused the damage to the roof.

Majestic's damages expert's, Poyner, estimated costs did not segregate between covered and non-covered losses – including prior damage and code upgrades. His estimate was also calculated on replacement cost value, which is uncovered as Majestic did not repair the property.

Majestic gives no evidence to segregate costs. Attempting to create fact issues by baselessly asserting that the damage in Becker's report or Poyner's estimate were only from Harvey. Becker is merely speculating as he does not rule out damage from other causes.

Majestic's other circumstantial evidence shows – at best – that there were no active leaks before Harvey, but it does not show that there was not other damage to the roof.

Because Majestic cannot allocate damages between covered and non-covered losses, its breach of contract claim fails.

---

[3] *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

5.  *Conclusion.*

Majestic Oil, Inc., will take nothing from Certain Underwriters at Lloyd's, London.

Gregory Becker's declaration – exhibit 5 to Majestic's response to the motion for summary judgment – will be struck.

Signed on September 30, 2021, at Houston, Texas.

                                                          Lynn N. Hughes  
                                          United States District Judge