United States District Court
Southern District of Texas
**ENTERED**
July 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MAJESTIC SYNTHETIC OIL, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-03149 |
| | § | |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NO. W1B527170201,** | § § § § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

After five years of litigating the merits, and on the eve of trial, Underwriters moves to dismiss this case for lack of statutory and constitutional subject-matter jurisdiction. (Dkt. No. 138). The basis: a misnomer in the original complaint. (*Id.* at 1). The complaint used the name "Majestic Oil, Inc.," a nonexistent entity. (Dkt. No. 1 at 1). Plaintiff's correct legal name is "Majestic Synthetic Oil, LLC." (Dkt. No. 123-1 at 2–3). The Court corrected the misnomer under Rules 17(a)(3) and 21 of the Federal Rules of Civil Procedure, designating the LLC as the named plaintiff. (Dkt. No. 128).

Underwriters argues that the misnomer still requires dismissal because a nonexistent entity lacks both standing and citizenship. (Dkt. No. 138 at 1). And it claims that the original pleading defect is incurable because of the time-of-filing rule, under which "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570, 124 S.Ct. 1920,

158 L. Ed. 2d 866 (2004) (quoting *Mollan v. Torrance,* 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824)).

Underwriters is wrong. "The state of things and the originally alleged state of things are not synonymous . . . ." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473, 127 S.Ct. 1397, 1409, 167 L.Ed.2d 190 (2007). As a unanimous Supreme Court recently explained, the "time-of-filing rule . . . concerns only the *actual* 'state of things' relevant to jurisdiction—meaning, the facts on the ground, rather than . . . the claims and parties that the plaintiff includes in a complaint." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 36 n.5, 145 S.Ct. 41, 53 n.5, 220 L.Ed.2d 289 (2025) (emphasis added) (quoting *Rockwell*, 549 U.S. at 473, 127 S.Ct. at 1409). Put simply, the time-of-filing rule concerns the world as it actually existed at the time of filing, not the world as it was alleged to exist in the initial complaint.[1] *Id.* And once jurisdiction has been properly invoked in an original case—based on the *facts* at the time of filing—"the rule . . . that jurisdiction follows the amended (*i.e.*, now operative) pleading applies across the board." *Id.* at 37, 145 S.Ct. at 53.

---

[1] Underwriters' contrary view—a theory "[s]ometimes referred to as the 'nullity doctrine,'" (Dkt. No. 138 at 2–3)—predates *Royal Canin* and has drawn sharp criticism, at least as a rule of pleading. *See, e.g.*, *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 386–92 (2d Cir. 2021) (rejecting the nullity doctrine as inconsistent with precedent and history); 13A Wright & Miller's Federal Practice and Procedure § 3531 n.61 (3d ed. Supp. 2025) (stating that it "would be nonsensical to make jurisdiction depend on whether the nominal plaintiff has standing" and criticizing the nullity doctrine as an example of "pushing too far the Article III foundations of standing theory"); Ethan C. Treacy, Note, *The Nullity Doctrine*, 109 Va. L. Rev. 1331, 1344 (2023) ("The nullity doctrine's central premise—that Article III controls what is ultimately a procedural issue—is incorrect.").

The Court has extensively engaged with the record in this case. (*See* Dkt. Nos. 106, 154). It finds that, in the world as it actually existed when this suit was filed, a real Texas limited-liability company—Majestic Synthetic Oil, LLC—sued a real foreign defendant to redress a real pocketbook injury. The suit was not, in fact, brought by a nonexistent entity. Thus, by reference to the "actual state of things" at the time of filing—"meaning, the facts on the ground"—a real case or controversy existed between diverse citizens. *Royal Canin*, 604 U.S. at 36 n.5, 145 S.Ct. at 53 n.5 (citation modified); *see also Grupo Dataflux*, 541 U.S. at 571, 124 S.Ct. at 1924 (holding that the time-of-filing rule measures challenges to subject-matter jurisdiction "against the state of *facts* that existed at the time of filing" (emphasis added)); *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 388–89 (2d Cir. 2021) ("[F]iling a complaint in the name of a . . . non-existent nominal plaintiff is akin to an error in the complaint's *allegations* of jurisdiction. And it is well-understood that a plaintiff may cure defective jurisdictional allegations, unlike defective jurisdiction itself, through amended pleadings." (emphasis in original)). The pleadings now reflect this basic reality. (*See* Dkt. No. 128). As a result, the Court has and has always had subject-matter jurisdiction. Underwriters' Motion, (Dkt. No. 138), is therefore **DENIED**.

Signed on July 17, 2025.

                                                                                  **DREW B. TIPTON**
                                                              **UNITED STATES DISTRICT JUDGE**